| | |
|---|---|
| **Prosecutor General's Office**<br>**of the Russian Federation**<br><br>15A Bolshaya Dmitrovka<br>Moscow, GSP-3, 125993, Russia<br><br>09.03.2005   Our ref. 35/2-7-05 | **Ms. Mary Ellen Warlow**<br>**Director**<br>Office of International Affairs<br>U.S. Department of Justice<br><br>1301 New York Ave. NW<br>Washington, D.C. 20005 |

**Dear Ms. Warlow,**

    The Prosecutor General's Office of the Russian Federation presents its compliments to the U.S. Department of Justice and pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters of 06/17/99 has the honour to request mutual legal assistance in criminal matter No. 60075, instituted on the elements of crime stipulated by Art. 199 part 2 para. "b" (evasion of tax and (or) other mandatory payments by organization) of the Criminal Code of the Russian Federation.

    The performance of the investigative actions in the territory of the United States of America is necessary in order to ensure a comprehensive preliminary investigation.

    Procedural criminal law of the Russian Federation envisages limited terms of the prejudicial investigation on criminal matters. Procedural terms violation may adversary affect the results of criminal investigation and brining to justice the accused.

    In view of the above, please take all the necessary measures to execute the above-mentioned request prior to 20.06.2005 and forward the results obtained to the Prosecutor General's Office of the Russian Federation.

    The Prosecutor General's Office of the Russian Federation guarantees that the documents and data obtained during the course of the request execution will be used for the purposes of the investigation only and will not cause any harm to the sovereignty, security and public order of the United States of America.

    The Prosecutor General's Office of the Russian Federation thanks you in advance for your cooperation and confirms its readiness to provide or other kind of legal assistance in criminal matters to the law-enforcement agencies of the United States of America.

Enclosure: request for legal assistance on 13 pages.

**Chief**
**International Law Department**        /signature/                R.A. Adelkhanyan

To the Competent Authorities<br>of the United States of America

The Investigation Department of the Investigation Committee of the Ministry of International Affairs (MVD) of Russia in Privolzhsky Federal District pays its respects to you and applies for legal assistance concerning criminal case N 60075 and assures a Competent Authority of the United States of America that the present appliance is made in accordance with the Russian legislation and does not exceed the commission conferred to the preliminary investigation bodies.

**In the course of the preliminary investigation the following has been found out:**

The close corporation TFC[1] "Sintagma" (founders: Borisychev Igor Nikolayevich born in ▇▇ the director general, Shnyr Alexander Vitalyevich born in ▇▇ and Tyan Igor Moiseyevich born in ▇▇ identification taxpayer number ▇▇ ▇▇ its legal address in 2001 was TZB, Zamknutaya str., Nizhny Novgorod; entered into sham contracts N 30 of July 26, 2000 and N 15 of May 30, 2001 for purchase of trade equipment in the interests of a taxpayer with the public corporation "TNP Trade"(Moscow). In conformity with the above mentioned contracts the public corporation "TNP Trade" allegedly delivered trade equipment to the amount of 55.142.706, 47 rubles including VAT of 9.190.450 rubles to the close corporation TFC "Sintagma". Act of documentation analysis N 15 of August 12, 2004 and Act of the second out fiscal examination N 2 of July 26, 2004 confirmed this information.

The close corporation TFC "Sintagma" did not effect payment for the above mentioned equipment to the public corporation "TNP Trade". The public corporation "TNP Trade" was registered to the citizen Matchin V.U. in Inspection of the Ministry for Taxes and Duties N 13 (its address: 1, 8, Dmitrovsky proezd, SAO (Northern administrative district) of Moscow) and was not engaged in any financial and economic activity, did not render tax and bookkeeping accounts to rating authorities, but made all payments through third parties on account of mutual settlements with non-existent suppliers and buyers.

The close corporation TFC "Sintagma" on the grounds of the above mentioned sham contracts virtually not buying equipment from the public corporation "TNP Trade" in 2001 unlawfully submitted for reimbursement of VAT (VAT - value added tax) to the Inspection of the Ministry for Taxes and Duties of the RF in Sormovsky District of Nizhny Novgorod where it had been registered in the amount of 9.190.450 rubles, an especially large-scale amount, which was reckoned on account of future discharge of taxes.

In the course of the preliminary investigation the existence of the public corporation "Academstroycomplect" (individual taxpayer number ▇▇ registered to the citizen Matchin V.U. in Inspection of the Ministry for Taxes and Duties N 13 (its address: 1, 8, Dmitrovsky proezd, SAO (Northern administrative district) of Moscow) was established. The public corporation "Academstroycomplect" which signed contracts for purchase of trading equipment with close corporation TFC "Sintagma" was not engaged in any financial and economic activity, did not render tax and bookkeeping accounts to rating authorities, but made all payments through third parties on account of mutual settlements with non-existent suppliers and buyers.

During the preliminary investigation employees of the Central administrative board of the Ministry of Internal Affairs of Russia for Privolzhsky Federal District conducted a search in the office of the close corporation TFC "Sintagma" where they confiscated bookkeeping and financial documentation of the close corporation TFC "Sintagma". As a result of the study of confiscated documentation it was established that according to the letters from the public corporation "TNP Trade" received by the close corporation TFC "Sintagma" the latter effected a payment for the delivered equipment to account ▇▇ of the PAREKSS BANCAS bank; its address: AO, 3, Smilsu, LU-1522, Riga, Latvian Republic; to "JOHNSON INDUSTRIES LTD" headed by Bill Morgan.

The director of the close corporation TFC "Sintagma" submitted to rating authorities Contract N 5 for delivery of trading equipment to the Russian Federation for the close

2

corporation TFC "Sintagma" signed by the close corporation TFC "Sintagma" and the American company "JOHNSON INDUSTRIES LTD".

In the course of investigation of the criminal case, it was established that financial means from "JOHNSON INDUSTRIES LTD" arrived at FLEET BANK BRANCH ████████ USA, located at: East Islip Office New York 11730, on account of MUZYCHENKO SERGEY. ████████

Extracts of the relative articles from the Criminal Code of the Russian Federation:
Article 199. Taxes and (or) duties evasion by an organization.

1. Taxes and (or) duties evasion by an organization by failure of tax return or other documentation which should be submitted without fail in conformity with the Tax legislation of the Russian Federation; or by entering deliberately distorted information into a tax return or other documents, committed on a large scale, -
shall be punished by a fine of one hundred thousand to three hundred thousand rubles or in the amount of the condemned person's salary for a period from a year to two years; or by arrest for the time of four to six months, or by deprivation of liberty for the period of up to two years including revocation of the right to take certain offices or do certain business for the period of up to three years or without a certain period.

2. The same act, committed:
   a. by a group of people on a preliminary agreement;
   b. on an extraordinary large scale, -
shall be punished by a fine of two hundred thousand to five hundred thousand rubles or in the amount of the condemned person's salary or another income for a period from a year to three years or by deprivation of liberty for the period of up to six years including revocation of the right to take certain offices or do certain business for the period of up to three years or without a certain period.

Comment. Tax evasion is considered to be committed on a large scale, if its amount within three fiscal years running exceeds five thousand rubles on conditions that the share of the unpaid taxes and (or) duties exceeds 10 percent of the taxes to be paid or is more than one million five hundred thousand rubles; tax evasion is considered to be committed on an extraordinary large scale, if its amount within three fiscal years running exceeds two million five hundred thousand rubles on conditions that the share of the unpaid taxes and (or) duties exceeds 20 percent of the taxes to be paid or is more than seven million five hundred thousand rubles.

The Investigation Department of the Investigation Committee of the Ministry of International Affairs (MVD) of Russia in Privolzhsky Federal District is commissioned to conduct the preliminary investigation.

In view of the aforesaid, according to the **Contract concluded by the Russian Federation and the United States if America on mutual legal assistance on criminal cases of June 17, 1999**, in an effort to investigate entirely and impartially all the facts of the case, to make a lawful, reasoned, motivated decisions, to get evidence and to establish guilty persons the Investigation Department of the Investigation Committee of the Ministry of International Affairs (MVD) of Russia in Privolzhsky Federal District turns to the Competent Authorities of the United States of America asking to carry out the following investigative actions

### To establish:

1. Had the company "JOHNSON INDUSTRIES LTD" been legally registered in the USA at the address indicated in Contract N5: 400 WEST NINTH STREET SUITE 205, WILMINTON NEW CASTLE DELAWARE, ZIP code 19801 and what kind

3

2. Was the company "JOHNSON INDUSTRIES LTD" engaged in financial and economic activity from 2000 to 2004?
3. What natural or juridical person set up and was at the head of the company "JOHNSON INDUSTRIES LTD" from 2000 to 2004?
4. In the event that legal entities (companies) founded the company, find out who were their leaders.
5. Does the company "JOHNSON INDUSTRIES LTD" possess account ▓▓▓▓▓ in the PAREKSS BANCAS bank; its address: AO , 3, Smilsu, LU-1522, Riga, Latvian Republic?
6. Send us registration documentation (or their constats) of the company "JOHNSON INDUSTRIES LTD" and specimens of signature of its director Bill Morgan (150 samples of signature).
7. Was Bill Morgan the director or an employee of the company "JOHNSON INDUSTRIES LTD" from 2000 to 2004? If so, establish his whereabouts and interrogate him asking the following questions:
- Does he know the undermentioned citizens of the Russian Federation?
  - Borisychev Igor Nokolaevich born in ▓▓▓
  - Shnir Alexander Vitalievich born in ▓▓▓
  - Tyan Igor Moiseevich born in ▓▓▓
- Did Bill Morgan, representing "JOHNSON INDUSTRIES LTD", negotiate with citizens of the Russian Federation Borisychev, Shnir and Tyan, representing the close corporation TFC "Sintagma", for conclusion of contract N5 of September 8, 1998; if so, where did it take place?
- Did "JOHNSON INDUSTRIES LTD" enter into contract N5 of September 8, 1998 with the close corporation TFC "Sintagma" for delivery of trading equipment to the latter's address?
- Does the signature on Contract N5 of September 8, 1998 belong to Bill Morgan, can he confirm the authenticity of the seal of "JOHNSON INDUSTRIES LTD", which certifies this document?
- Where Contract N5 of September 8, 1998 signed by the close corporation TFC "Sintagma" and JOHNSON INDUSTRIES LTD" was drawn up?
- Did JOHNSON INDUSTRIES LTD" and the close corporation TFC "Sintagma" enter into a contract for delivery of trade equipment to the latter's address, if so, what are the countries of origin?
8. In what way the payment for the delivered equipment was effected?
9. Does the company "JOHNSON INDUSTRIES LTD" have a representative office in the Latvian Republic?
10. Does the company "JOHNSON INDUSTRIES LTD" have permanent representation in foreign countries, if so, give us their legal addresses?
11. Did the American company "JOHNSON INDUSTRIES LTD" receive money from the Russian close corporation TFC "Sintagma" in accordance with the terms of the above mentioned Contract in the period from 2000 to 2001?
12. Interrogate MUZYCHENKO SERGEY, passport ▓▓▓▓▓ asking him the following questions:
- Was he a manager, a founder or an employee of the company "JOHNSON INDUSTRIES LTD" or the close corporation TFC "Sintagma"?
- Does he know citizens of the Russian Federation Borisychev, Shnir, Tyan?
- On what grounds the money from the company "JOHNSON INDUSTRIES LTD" arrive from account ▓▓▓▓▓ at the PAREKSS BANCAS bank (Riga, Latvian Republic) to his account ▓▓▓▓▓ at the bank FLEET BANK BRANCH ▓▓▓▓▓ its address: East Islip Office, New York, 11730 (payment order is enclosed)?
13. Establish the surname and the first name of the person who registered the company "JOHNSON INDUSTRIES LTD" in the County New Castle, Delaware and interrogate

4

- Who applied to the competent authority for registration of the company "JOHNSON INDUSTRIES LTD"?

The results of the interrogation should be presented as a printed report with signatures of a witness and the official person who will conduct the interrogation. In the event that the witness refuses to sign the report, explain the reason for it.

Send the results of the execution of the present commission to the Investigation Committee of the MVD (Ministry of International Affairs) of Russia each document certified by an official stamp of a competent justice institution. In case of delay in execution of the commission or of complete or partial failure to render legal assistance, please, let the Russia party know without delay.

Information of the present commission is confidential and is meant exceptionally for administrative use because it forms an investigation secrecy. From our part we guarantee that the data received from you is not subject to communication to third parties and will be used for the sake of investigation of the criminal case only.

I take an opportunity to assure you of our profound respect and willingness to render mutual legal assistance in accordance with the above mentioned **Contract concluded by the Russian Federation and the United States if America on mutual legal assistance on criminal cases of June 17, 1999.**

Appendix: a copy of Appendix to Contract N5 signed by the close corporation TFC "Sintagma" and "JOHNSON INDUSTRIES LTD", 1 page, and a copy of the payment order, 1 page.

Contact phone: (8312) 38-29-60
Fax: 32-25-46

**Respectfully yours,**

Senior Investigator for Cases of Especial Importance
of the Investigation Department
of the Investigation Committee of
the Ministry of International Affairs (MVD) of Russia
in Privolzhsky Federal District
Major of justice                                                                O.A.Kirushkin

---

Перевод выполнен Региональным Экспертным Бюро по переводу
следственных и судебных материалов фирмы «Внешсервис»

Перевод соответствует оригиналу

Генеральный директор РЭБ фирмы «Внешсервис»                    В.В.Подлегаев